IN THE DELAWARE COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

| | | |
|---|---|---|
| William Rumbold<br>6322 Capilano Court<br>Westerville, Ohio 43082<br><br>　　　Plaintiff,<br><br>-vs-<br><br>Indivior, Inc.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 19 CV H 03 0133<br><br>Judge　JAMES P. SCHUCK<br><br><br>COMPLAINT<br><br><br>JURY DEMAND ENDORSED<br>HEREON |

NOW COMES Plaintiff, William Rumbold, by and through counsel, and for his Complaint against Defendant, Indivior, Inc., hereby alleges and states as follows:

**Facts Common to All Allegations:**

1. At all relevant times herein, Plaintiff is an individual residing at 6322 Capilano Court, Westerville, Ohio 43082, situated in the County of Delaware.

2. At all relevant times herein, Defendant, Indivior, Inc. is a pharmaceutical company headquartered in Richmond, Virginia which is registered to do business with the Ohio Secretary of State and which conducts business and sales, among other things, throughout central Ohio, including Delaware County.

3. Venue and jurisdiction are proper in that all or a significant part of the events which give rise to the claims took place in Delaware County, Ohio.

Common Pleas Court
Delaware, Co., Ohio
I hereby certify the within be a true copy of the original on file in this office
Natalie Fravel, Clerk of Courts
By _____ Deputy

### Count I – Age Discrimination in Violation of R.C. 4112.14

4. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

5. Plaintiff was employed as a sales representative and worked for Defendant since approximately 2006.

6. On or about January 18, 2019, Plaintiff was terminated without justification.

7. Plaintiff was never given any kind of warning, negative performance reviews, or improvement plan prior to termination. Rather, Plaintiff had favorable performance evaluations and, as a long-time employee, was qualified for his position and, in fact, had received various recognitions and awards for his performance.

8. Plaintiff is 67 years old.

9. At all times relevant, Plaintiff was a member of a protected class on the basis of his age.

10. It is unlawful under R.C. 4112.14 to "discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

11. Plaintiff was terminated by Defendant because of his age.

12. Upon information and belief, Plaintiff's job duties were assumed by much younger employees.

13. In bad faith, Defendant concocted the false premise that Plaintiff was being terminated due to a violation of company policy in order to falsely claim that he was terminated

for cause in order to avoid the payment of salary, severance, and other benefits being offered to many, many other employees of Defendant.

14. Plaintiff did not violate company policy.

15. Plaintiff was terminated without just cause.

16. Defendant did not have a legitimate, nondiscriminatory reason to terminate Plaintiff.

17. Plaintiff suffered an adverse employment action by being wrongfully terminated by Defendant.

18. Defendant acted with actual malice.

19. Plaintiff is entitled to his attorney's fees and costs under the Age Discrimination in Employment Act, as well as statutory remedies, including compensation for lost wages and benefits.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in excess of $25,000 in an amount to be proven at trial.

**Count II – Age Discrimination in Violation of R.C. 4112.99**

21. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

22. The conduct of Defendant violated Ohio statutory law.

23. R.C. 4112.99 provides that, "whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief."

24. Defendant is entitled to remedies R.C. 4112.99 including, but not limited to, front pay and punitive damages.

**Count III – Breach of Verbal and Written Contract**

25. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

26. Plaintiff was terminated during a period in which the company was laying off other employees who were receiving substantial severance packages.

27. Pursuant to written agreement and/or verbal promises and assurances, Plaintiff was entitled to a severance and other benefits. Pursuant to Civ. R. 10, a copy of the written agreement(s) and/or policies of employment are not attached in that Defendant is already in possession of the same.

28. Defendant breached its agreement by terminating Plaintiff under false pretenses in order to avoid the payment of severance and other benefits.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in excess of $25,000 in an amount to be proven at trial.

## Count IV – Promissory Estoppel

30. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs of the Complaint as if fully rewritten herein.

31. Defendant failed to honor promises and assurances made to Plaintiff.

32. Plaintiff reasonably relied upon Defendant's promises and assurances.

33. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in excess of $25,000 in an amount to be proven at trial.

WHEREFORE, Plaintiff, William Rumbold, demands the following:

(1) Compensatory, incidental, and consequential damages in excess of $25,000 in an amount to be proven at trial;

(2) A judgment and/or declaration that the practices complained of herein are unlawful and in violation of R.C. 4112, et seq.;

(3) An order reinstating Plaintiff to his former position with Defendant, with all seniority and other rights and benefits reinstated;

(4) An award for lost wages and benefits from the date of the wrongful discharge;

(5) An award for attorney's fees and costs, expert witness fees, and other costs as provided by R.C. 4112;

(6) Punitive damages to deter Defendant from engaging in similar conduct in the future;

(7) Prejudgment and post-judgment interest; and

(8) Any further relief, in law or equity, as the Court finds necessary and proper.

Respectfully submitted,

/s/ Michael Hrabcak
Michael Hrabcak (Trial Counsel) (0055716)
Benjamin B. Nelson        (0083292)
HRABCAK & COMPANY, L.P.A.
67 East Wilson Bridge Road
Worthington, Ohio 43085
Phone: (614) 781-1400
Fax:    (614) 781-1171
E-mail: mike@hrabcaklaw.com
E-mail: ben@hrabcaklaw.com
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff, by and through the undersigned, hereby demands a trial by jury.

/s/ Michael Hrabcak
Michael Hrabcak                (0055716)

Z:\SHARE\Client\Rumbold, William\2019-03-12.Rumbold.Complaint.docx